## WILLIAM ROSS v. CALEB EVANS.

Court of Common Pleas.  Sussex.  November, 1798.

*Wilson's Red Book, 215.*

*Miller* brought the suit and filed the *narratio;* having deceased since last term, *Wilson* and *Vining* were employed for plaintiff. *Bayard* for defendant.

First count, general *indebitatus assumpsit* for building a water grist mill, commonly called a tubmill, in consideration whereof the said defendant assumed etc. to pay the sum of £37.10.0. Second count, for work and labor.  Third, *quantum meruit,* etc.

Evidence of a bargain to build the water works of the mill but not the frame, and be found for £27.10.0.  That the mill blew up for defect of spiling.  That a second contract was made to rebuild her for £10 more, in the whole £37.10.0.

*Bayard* prayed a *non prosequitur;* here being, he said, evidence of a special agreement, of which they had no notice by the declaration, which was a general *indebitatus assumpsit,* Doug. 24, 1 Esp.N.P. 130.

*Wilson.*  The declaration is sufficiently descriptive of the mill that was built.  The parties are both identified, being the same in the *narratio* and contract.  The time, it will be acknowledged, is immaterial, unless issue was taken on it, and the sum laid is the very same that is proved.  If a contract is made precisely in the terms of a count in a general *indebitatus assumpsit,* there can be no reasonable objection to the making use of that form of *narratio.*  The reason for the rule that a special agreement must be declared on is that defendant may have notice.  Here the *narratio* furnishes full and complete notice.  If the declaration had stated that the defendant, in consideration that Evans had agreed to erect this mill, had promised to pay him £37.10.0, and then averred that plaintiff had built the mill and concluded with the usual breach, this would have been sufficient, and where is the essential difference?  In 1 Esp.N.P. 140, *Harris v. Oke,* it is said plaintiff may declare on a special agreement in *indebitatus assumpsit,* which certainly is to be understood of a special agree-

ment which, like the present, agrees with the *indebitatus assumpsit*. The question is always whether the variance between the *narratio* and the agreement proved is material, and where there has or has not been a fatal variance will be found in these cases: 3 Term 643, 4 Term 687, 590, 560, 611, Doug. 668, 1 Bl.R. 162, 284; and not the mere form of the *narratio*, for the contract may suit a general count. The *narratio* should so well suit the agreement or case that a recovery in that suit may be a complete bar to every other action commenced upon that ground of evidence which supports the first.

*Bayard.* The rule is rigid and must be complied with that every special agreement must be declared upon, or it cannot be given in evidence. It is said in [1] Esp.N.P. 140, *Harris v. Oke,* and Doug. 651, *Payne v. Bacomb,* that where plaintiff fails in proving his special agreement, he may go into evidence on the general counts if he has such, but that exception does not affect this case, for there is no special count; neither does it at all infringe the general rule, for even in that case, evidence of a special agreement, if it disagrees with the special agreement laid, will not be allowed to support the general counts. Plaintiff is only allowed to resort to his general counts, if such he has, when he can prove no special agreement.

BASSETT, C. J., seemed to have some doubts and seemed (from some expressions dropped when he invited the Bar generally to give the Court assistance if anything occurred to them) to think Lord Mansfield was to be understood that the special agreement might be evidence on the general counts, if it could not on a special count laid; but we did not differ on that subject among ourselves, which, the CHIEF JUSTICE observing, he said, "The Court are of opinion the plaintiff has failed in giving the necessary evidence; let him be called."

*N.B.* I informed my client the evening before that his *narratio* was general, but we designed to prove the services and neglect the witness who could prove the agreement, but defendant had proof of it, of which we did not know.[1]

---

1 C. S. Layton adds a footnote to Wells' copy of *Wilson's Red Book* at *214,* "Where the contract has been completely executed, it is not necessary to declare upon the special agreement. 1 Chit.Pl. 334, 1 Camp.N.P. 471, 12 East 1 and 513, 7 Cranch 299, 10 Mass. 287."